RUTH R. PINCUS, Respondent, v. MARTIN STEFFANSON, Appellant.— In an action to recover the alleged balance of the purchase price of real property, defendant appeals from an order of the County Court, Putnam County, granting in part and denying in part plaintiff's motion to modify defendant's demand for a bill of particulars. Order modified by striking therefrom the ordering paragraph and by substituting in place thereof ordering paragraphs providing (1) that the motion is granted to the extent of striking from the demand items 4, 6, 8, 9, and 10; (2) that the words " of certain parts " be struck from item 1 of the demand, and that the word " TENTH " be struck from item 3 of the demand and that the word " FIFTH " be substituted therefor; (3) that all of item 5 of the demand be struck out except that plaintiff is directed to supply defendant with the date of payment to the surveyor, and (4) that the motion is in all other respects denied. As thus modified the order is affirmed, without costs; bill to be served within ten days after the entry of the order hereon. In view of the wording of the allegations of the complaint, particulars as to the sale and conveyance should have been ordered. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST MELVIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON MELVIN, Appellant.— Defendants appeal from a judgment of the County Court, Kings County, convicting them of robbery in the second degree and from the sentence imposed. Judgment reversed on the law and the facts and a new trial ordered. It was error to admit the testimony of the witness Detective Pilon respecting the complaining witness' identification of appellants prior to the trial. (*People* v. *Trowbridge*, 305 N. Y. 471.) Under the proof and in the circumstances disclosed by the record, it was error to read to the jury the entire affidavit made in the Magistrate's Court and the entire transcript of the testimony of the complaining witness before the Grand Jury, and the error was not adequately corrected by the Trial Judge's instructions. No separate appeal lies from the sentence which has been reviewed on the appeal from the judgment of conviction. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN ZIMAND, Appellant.— Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting him of violating section 986 of the Penal Law (book-making) and from the sentence imposed. Judgment reversed on the law and information dismissed. The evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.